UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY MARIE JOHNSON ESTATE,<br><br>Plaintiff,<br><br>v.<br><br>DEBORAH ANNE CUMBA,<br><br>Defendant. | Case No.:  23-cv-802-JES-DEB<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

  On May 3, 2023, Plaintiff Tiffany Marie Johnson Estate, proceeding pro se, filed the instant complaint against Defendant Deborah Anne Cumba. ECF No. 1. In the complaint, Plaintiff alleges that she has a state court case (22DF003914C), purportedly presided over by Defendant. *Id.* at 2. Plaintiff states that she furnished a Certified International Promissory Note to "satisfy the alleged debt" for the state court case, but Defendant "refused to perform fiduciary duty for full settlement/setoff and closure of the case" based on this promissory note. *Id.* Plaintiff alleges that Defendant entered a contempt of court judgment against her on April 27, 2023. *Id.* Plaintiff seeks "compensation of damages for breach of fiduciary duties," requests a default judgment order and closure of her state court case. *Id.* at 3.

  On May 11, 2023, the Court ordered Plaintiff to show cause on or before May 31, 2023, why the case should not be dismissed for lack of subject matter jurisdiction. ECF

No. 5. The Court cautioned that failure to timely respond to the Order to Show Cause would result in dismissal of the action. *Id.* To date, Plaintiff has not filed a response. Instead, Plaintiff filed an amended complaint ("AC").

In Plaintiff's AC, Plaintiff appears to assert that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff mentions that the amount in controversy is more than $75,000 but fails to address the citizenship of each of the parties. Complete diversity between plaintiffs and defendants is required under this statute. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). An individual is deemed to be a citizen of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The AC fails to address whether there is complete diversity between plaintiff and defendant. Therefore, the Court lacks diversity jurisdiction.

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). A federal court is constitutionally required to revise issues of federal subject matter jurisdiction, *sua sponte*, if necessary, and must satisfy itself of jurisdiction before proceeding to the merits of a case. *Arraign v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Ruhrgas AG v. Marathon Oil Co.*, 625 U.S. 574, 577 (1999). "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (internal citations and quotation marks omitted), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 82-83 (2010).

Plaintiff has failed to address the Court's concerns regarding a lack of subject matter jurisdiction in this case. Plaintiff did not respond to the Court in writing addressing this issue, as she was ordered to do so, nor did the AC address the lack of subject matter jurisdiction. Therefore, it is apparent the Court lacks subject matter jurisdiction in this matter.

Accordingly, the Court **DISMISSES** the case without prejudice for lack of subject matter jurisdiction. The Clerk is directed to close the case.

**IT IS SO ORDERED**.

Dated:  June 6, 2023

Honorable James E. Simmons, Jr.
Unites States District Judge